REC'D IN PRO SE OFFICE
JUN 20 '25 PM3:21

25-cv-3497-RER-CLP

# FEDERAL COURT – CIVIL RIGHTS & RICO COMPLAINT

Victor Quinteros Marquina
99 Wall Street, Suite 1528
New York, NY 10005
Phone: 347-316-1953
Email: victorqu@yahoo.com
Date: June 20, 2025

## I. PARTIES & JURISDICTION

This civil action is brought against multiple entities and individuals under 42 U.S.C. § 1983, ADA, and RICO. Jurisdiction is appropriate under 28 U.S.C. §§ 1331 and 1343 for federal question and civil rights claims.

Defendants include:
- Husky House LLC (Lorraine Healy)
- ASPCA
- NYPD
- Staten Island Sheriff's Office
- Staten Island Advance
- Mr. & Mrs. Tommy Chiu
- Samantha Gonzalez
- Cynthia Burns
- The City of New York and associated agencies

## II. FACTUAL BACKGROUND

Plaintiff resided at the Siberian Husky Camp of America, 175 Van Duzer St., Staten Island, and worked professionally from One World Trade Center. On July 29, 2022, a coordinated action involving the ASPCA, NYPD, and others led to the illegal seizure of 24 service and therapy dogs.

These actions were based on false claims orchestrated by Husky House's owner, Lorraine Healy, who had a personal grudge due to a past return of dogs. The ASPCA misrepresented the chronic illnesses of the dogs as abuse. NYPD and the Sheriff's Office executed a high-profile arrest with 37 officers, resulting in defamation, career destruction, and emotional trauma.

Plaintiff was incarcerated for 16 months under fabricated charges, denied access to his animals and legal counsel, and subjected to extended conditional discharge without cause. At least five animals were euthanized without necessity. Media outlets, including Staten Island Advance, distributed defamatory content including semi-nude images.

Despite appeals and protests, the judicial system continues to retaliate. Plaintiff's constitutional rights under the First, Fourth, Eighth, and Fourteenth Amendments were violated. ADA rights were also infringed as these animals served therapy functions for disabled children and vulnerable populations.

## III. CLAIMS FOR RELIEF

- Civil Rights Violations (42 U.S.C. § 1983)
- ADA Violations (42 U.S.C. § 12101)
- RICO (18 U.S.C. §§ 1961–68): pattern of retaliation, fraud, obstruction, and defamation with financial and reputational motives

Total personal damages requested: $900 million
Additional RICO damages requested: $1 billion (class-action expandable)

## IV. REQUEST FOR RELIEF

Plaintiff respectfully requests the following:
1. Declaratory relief recognizing the constitutional and statutory violations
2. Compensatory and punitive damages of $900 million
3. Independent RICO damages of $1 billion
4. Court orders to prevent future retaliation
5. Legal costs and attorney's fees

Subject: The Unlawful Seizure, Criminalization, and Destruction of a Private Therapy Dog Development Project

In July 2022, I, Victor Quinteros Marquina, was the sole operator and private funder of a development project known as the Siberian Husky Camp of America—a closed, non-public training and therapy initiative for service animals, specifically Siberian Huskies. The mission of the camp was to prepare these animals for work with children with autism, survivors of trauma, and individuals living with disabilities and special needs. The project, located on a secured and private one-acre property at 175 Van Duzer Street, Staten Island, had not yet been opened to the public nor operated as a for-profit entity. It was still in its formative stages, entirely funded by my personal income, without generating enough donations or external support to be considered commercially operational.

Despite the above, and without prior warning, on July 29, 2022, a coordinated raid was carried out on the premises by members of the Staten Island Sheriff's Office, the NYPD, and the ASPCA, acting on false claims and an unjustified warrant supported by fabricated allegations. These actions were largely instigated by Lorraine Healy, the operator of Husky House, who had a known personal conflict with me stemming from a prior dispute. Rather than conduct a proper investigation, these agencies chose to criminalize an ongoing private developmental project—misrepresenting the facts in court, omitting critical context, and maliciously portraying managed chronic conditions in the dogs as active suffering.

On the day of the seizure, I was away from the property seeking medical treatment after testing positive for COVID-19. Upon returning, I was immediately arrested and subjected to brutal treatment, including solitary isolation for a full month and a total of sixteen months in custody under a conditional discharge. This sentence was later improperly extended without cause, as I committed no violations.

During this time, 24 service dogs in training—many of whom were certified and registered with the City of New York—were seized, wrongfully declared forfeited, and either euthanized or adopted out without due process. Some were killed shortly after seizure, despite the fact that their conditions were chronic, known to the ASPCA from past evaluations, and fully managed under medical care. The ASPCA deliberately withheld this information from the court.

In addition to the irreplaceable loss of my animals, authorities unlawfully seized or allowed the loss of the following personal property during or following the raid:
- Over 20 years of professional photography equipment

- Hard drives containing an entire career's worth of work and intellectual property
- Fine jewelry, including priceless pieces inherited from my mother
- All of my personal wardrobe and clothing
- All household furniture and personal effects, many of which were staged for cleaning or replacement, not discarded or abandoned

These losses have devastated my personal and professional life. My reputation was further destroyed by a media campaign that included the publication of a demeaning and uncontextualized image of me, distributed across multiple media channels by the Staten Island Advance, in apparent coordination with the District Attorney's Office for political benefit. I was depicted as unstable and negligent, despite maintaining a clean, organized, and properly ventilated space, with scheduled medical appointments for the dogs and compliance with licensing protocols.

The criminalization of this private, self-funded project—based on false narratives and political convenience—represents a gross miscarriage of justice. I was building something meant to heal, to serve, and to restore dignity to children and families in need. I invested everything I had into this project: my time, my finances, my professional standing, and my soul.

This legal action is not only a demand for accountability—it is a cry for the restoration of what was taken from me unlawfully:
- The return of my surviving animals
- Recognition of the unjust seizure and deaths of my dogs
- Compensation for the destruction of my livelihood, personal assets, and mental health
- The opportunity to rebuild what was never a crime to begin with: a private sanctuary of healing, love, and service

State of New York, County of New York
Sworn to before me on 20 day of JUNE 20 25

*[signature: Jack Chow]*

JACK CHOW
Notary Public - State of New York
No. 01CH6015416
Qualified in New York County
Commission Expires October 26, 2026

*[signature: Victor Quiñeros]*

2

# FEDERAL COMPLAINT – ADDENDUM

## Constitutional Violations and Additional Claims

**Complainant:** Victor Quinteros Marquina
**Address:** 99 Wall Street, Suite 1528, New York, NY 10005
**Date:** June 20, 2025

## I. CONSTITUTIONAL VIOLATIONS INVOKED

### 1. FIRST AMENDMENT – FREEDOM OF SPEECH, EXPRESSION, AND PETITION

- **Violation:** Plaintiff's right to peacefully protest and speak out against the wrongful seizure and killing of his service dogs was suppressed and retaliated against.

- **Involved Parties:**

  - **NYPD & Staten Island Prosecutor:** Retaliated after the plaintiff publicly criticized the treatment and killing of the dogs.

  - **ASPCA:** Claimed the protest was defamatory while using institutional pressure to silence further speech.

  - **Court Officials:** Continuously extended conditional discharge in what appears to be punishment for public expression and seeking accountability.

### 2. FOURTH AMENDMENT – ILLEGAL SEARCH AND SEIZURE

- **Violation:** Unlawful raid, seizure of animals, and confiscation of private property without due process or valid probable cause.

- **Involved Parties:**

  - **Staten Island Sheriff's Office:** Fabricated a false report to justify a warrant.

  - **NYPD (37 officers):** Executed a raid that resulted in the illegal seizure of animals, professional equipment, jewelry, and private files.

- **ASPCA**: Took possession of animals unlawfully, bypassing judicial procedure and misrepresenting their health status.

## 3. FIFTH AMENDMENT – DUE PROCESS AND PROTECTION AGAINST SELF-INCRIMINATION

- **Violation**: Plaintiff was deprived of liberty and property without a fair trial or proper due process.

- **Involved Parties**:

    - **Prosecutor's Office**: Issued press releases and manipulated proceedings for political gain.

    - **Court System**: Prolonged conditional discharge beyond legal bounds, using it as an unofficial punitive measure without new violations.

    - **ASPCA & Husky House**: Engaged in extrajudicial transfer and destruction of property (dogs) without notice or opportunity to contest.

## 4. FOURTEENTH AMENDMENT – EQUAL PROTECTION & DUE PROCESS CLAUSE

- **Violation**: Plaintiff was targeted and treated differently under the law based on bias, assumptions of homelessness, and lifestyle.

- **Involved Parties**:

    - **NYPD & City of New York**: Criminalized plaintiff's temporary living situation without full investigation, despite owning one acre of private, fenced land.

    - **Sheriff & ASPCA**: Disregarded plaintiff's long-standing training, service certification, and history of animal welfare.

    - **Staten Island Advance**: Publicly humiliated the plaintiff by circulating demeaning imagery and violating journalistic ethics.

## 5. FIFTEENTH AMENDMENT – RIGHT TO VOTE & PROTECTION FROM DISCRIMINATION

- **Claim (Expanded Interpretation)**: While the amendment primarily protects voting rights, this complaint invokes it under a broader principle of **non-discrimination and equal participation in civic life**. The coordinated attack on the plaintiff's professional reputation and public standing had the effect of excluding him from full participation in

public, business, and community life.

- **Involved Parties**:

  - **City Officials, Prosecutors, and Animal Agencies**: Engaged in systemic bias and discriminatory enforcement patterns against the plaintiff, who was a visible minority and entrepreneur in a nontraditional housing and business setup.

---

## II. FRAUDULENT MISREPRESENTATION BY LANDLORD & MOBILE HOME OWNER

- **Involved Parties**:

  - **Mobile Home Owner & Landlord (Names on File)**

**Claims:**

- The landlord and mobile home owner falsely claimed damage to the mobile home when in reality, their furniture and belongings were already left at the entrance of the camp and had no value or relevance to the plaintiff.

- These false claims were submitted to authorities to support the warrant request, further criminalizing the plaintiff.

- This constitutes **fraudulent misrepresentation** and **collusion** with public officials to present a false narrative of property neglect or mistreatment.

---

## Requested Remedy:

The plaintiff respectfully requests that the Court **fully acknowledge these constitutional violations** and include them in the evaluation of claims already submitted under:

- **Americans with Disabilities Act (ADA)**

- **Racketeer Influenced and Corrupt Organizations Act (RICO)**

In addition, this addendum should serve as formal notice that **the actions of the landlord and mobile home owner** were not isolated but part of a larger **coordinated fraud** and retaliation against the plaintiff, justifying their inclusion in the broader **civil rights and RICO violations**.

_____