# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF NEW YORK

––––––––––––––––––––––

Nº 25-CV-3497 (RER) (CLP)

––––––––––––––––––––––

## VICTOR QUINTEROS MARQUINA

VERSUS

## HUSKY HOUSE LLC (LORRAINE HEALY), ASPCA, NYPD, STATEN ISLAND SHERIFF'S OFFICE, STATEN ISLAND ADVANCE, MR. & MRS. TOMMY CHIU, SAMANTHA GONZALEZ, CYNTHIA BURNS, and THE CITY OF NEW YORK

––––––––––––––––––––

**MEMORANDUM & ORDER**

––––––––––––––––––––

**RAMÓN E. REYES, JR., District Judge:**

*Pro se* plaintiff Victor Quinteros Marquina ("Plaintiff") filed this action alleging that various individuals, organizations, and New York City agencies (collectively "Defendants") violated his civil rights in connection with his state arrest and prosecution for animal and property neglect charges. His request to proceed *in forma pauperis* is hereby granted. For the reasons that follow, the action is dismissed.

## BACKGROUND

The following factual allegations are taken from the complaint and are assumed to be true for purposes of this Memorandum & Order. Plaintiff resided at 175 Van Duzer Street on Staten Island, where he was developing a project called the Siberian Husky Camp of America. (ECF No. 1 ("Compl.") at 1, 3).  On July 29, 2022, Plaintiff was arrested at that location by thirty-seven officers from the New York City Police Department ("NYPD") and the Staten Island Sheriff's Office pursuant to a warrant. (*Id.* at 1, 3). Officers seized his twenty-four dogs and extensive personal property. (*Id.* at 1, 3–4). The dogs

were placed into the care of the American Society for the Prevention of Cruelty to Animals ("ASPCA"), and five dogs were euthanized. (*Id.* at 1–3). Plaintiff was charged and detained for 16 months. (*Id.* at 2).

Plaintiff states: "These actions were based on false claims orchestrated by Husky House's owner, Lorraine Healy, who had a personal grudge." (*Id.* at 1). He claims that an unidentified "landlord and mobile home owner" submitted "false claims . . . to authorities to support the warrant request," which he claims "constitutes fraudulent misrepresentation and collusion with public officials to present a false narrative of property neglect or mistreatment." (*Id.* at 7). Plaintiff asserts that the NYPD and Sheriff's Office failed to conduct a proper investigation of the claims and "[e]ngaged in systemic bias and discriminatory enforcement patterns against the plaintiff." (*Id.* at 6–7). He states that he "was incarcerated for 16 months under fabricated charges." (*Id.* at 2). He claims that "Court Officials" "[c]ontinuously extended conditional discharge in what appears to be punishment for public expression and seeking accountability" (*Id.* at 5–6), and that the "Prosecutor's Office" "[i]ssued press releases and manipulated proceedings for political gain." (*Id.* at 6). Plaintiff asserts that the ASPCA was aware of the dogs' prior medical history and care, but "deliberately withheld this information from the court" and "misrepresented the chronic illnesses of the dogs as abuse." (*Id.* at 1, 3, 6). Plaintiff alleges that the Staten Island Advance and other media outlets "distributed defamatory content" and "[p]ublicly humiliated the plaintiff." (*Id.* at 2, 4, 6). Plaintiff names Mr. & Mrs. Tommy Chiu, Samantha Gonzalez, and Cynthia Burns as additional defendants, but he does not describe what role they played or identify any actions they took.

According to the New York State Unified Court System database, on September 8, 2023, Plaintiff pleaded guilty to charges under Indictment Number 70662-22/001 in New York Supreme Court, Richmond County. *See https://iapps.courts.state.ny.us/webcrim_attorney/DefendantSearch* (last visited July 11, 2025). No sentence has been entered, and the next court appearance is scheduled for September 10, 2025. *Id.*; *see also Abdin v. CBS Broad. Inc.*, 971 F.3d 57, 60, n. 2 (2d Cir. 2020) (noting a court's proper judicial notice of online information "not necessarily for the truth of the matter asserted, but for the publication of such information").

Plaintiff brings his civil rights claims under 42 U.S.C. § 1983, alleging violations of his rights under the First, Fourth, Fifth, Fourteenth, and Fifteenth Amendments. (*Id.* at 1–2, 5–7). He also asserts that Defendants violated the Americans with Disabilities Act ("ADA") "as these animals served therapy functions for disabled children and vulnerable populations." (*Id.* at 2). He alleges violations of the Racketeer Influenced and Corrupt Organizations Act ("RICO") based on an alleged "pattern of retaliation, fraud, obstruction, and defamation," although he does not describe any specific acts or pattern. (*Id.*). Plaintiff seeks $1.9 billion in damages, along with declaratory and injunctive relief. (*Id.*).

## **LEGAL STANDARD**

"A document filed *pro se* is to be liberally construed, and a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quotations and citations omitted). If a liberal reading of the complaint "gives any indication that a valid claim might be stated," this Court must grant leave to amend the complaint. *See Cuoco v. Moritsugu*, 222 F.3d 99, 112 (2d Cir. 2000). However, "a complaint must contain sufficient factual

3

matter . . . to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009), quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A claim will be considered plausible on its face "when the plaintiff pleads factual content that allows the [C]ourt to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678. In addition, 28 U.S.C. § 1915(e)(2)(B) requires a district court to dismiss a case filed *in forma pauperis* if the court determines that the action: "(i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B).

## DISCUSSION

I.      Plaintiff's Constitutional Claims

Claims for deprivation of constitutional rights may be brought under 42 U.S.C. § 1983. Section 1983 requires that a plaintiff demonstrate that the challenged conduct was "committed by a person acting under color of state law," and that the conduct "deprived [the plaintiff] of rights, privileges, or immunities secured by the Constitution or laws of the United States." *Cornejo v. Bell*, 592 F.3d 121, 127 (2d Cir. 2010). Section 1983 does not usually apply to claims against private individuals or private organizations. *American Mfrs. Mut. Ins. Co. v. Sullivan*, 526 U.S. 40, 50 (1999) ("the under-color-of-state-law element of § 1983 excludes from its reach merely private conduct, no matter how discriminatory or wrongful." (quotation marks and citations omitted)). A plaintiff seeking to recover monetary damages under Section 1983 must establish that the named defendants were personally involved in the complained of wrongdoing or misconduct. *Farrell v. Burke*, 449 F.3d 470, 484 (2d Cir. 2006) (quoting *Wright v. Smith*, 21 F.3d 496, 501 (2d Cir. 1994)).

4

A municipality can be liable under Section 1983 only if a plaintiff can show that a municipal policy or custom caused the deprivation of his or her constitutional rights. *See Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 690-91 (1978); *Cash v. Cnty. of Erie*, 654 F.3d 324, 333 (2d Cir. 2011) ("[T]o establish municipal liability under § 1983, a plaintiff must prove that action pursuant to official municipal policy caused the alleged constitutional injury.") (citation and quotation marks omitted), *cert. denied*, 565 U.S. 1259 (2012). Proof of a single incident of unconstitutional activity is not sufficient to impose liability on a municipality unless proof of the incident includes proof that it was caused by an existing, unconstitutional municipal policy that can be attributed to a municipal policymaker. *City of Okla. City v. Tuttle*, 471 U.S. 808, 823 (1985).

In this case, Defendants Husky House LLC, Lorraine Healy, the ASPCA, and the Staten Island Advance appear to be private entities, not state actors. Accordingly, Section 1983 claims may not proceed against them. Mr. & Mrs. Tommy Chiu, Samantha Gonzalez, and Cynthia Burns are named in the caption but are not mentioned again in the complaint. As they are not alleged to be state actors or to have violated Plaintiff's constitutional rights, any Section 1983 claims against them are also dismissed.

Plaintiff asserts Section 1983 claims against the City of New York and two of its agencies, the NYPD and the Staten Island Sheriff's Office. (Compl. at 1). However, he does not allege any unconstitutional policy or custom attributable to the City of New York. Therefore, Plaintiff's Section 1983 claims against the City of New York and its agencies are dismissed for failure to state a claim upon which relief can be granted pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii).

5

The Court has considered giving Plaintiff an opportunity to amend his pleading to name the individual officers or prosecutors who effected his arrest or gave evidence in support of allegedly "fabricated charges," but the Court finds that amendment would be futile. *See Avraham v. Lakeshore Yacht & Country Club, Inc.*, No. 15-CV-1297, 2016 WL 6585589, at *17 (N.D.N.Y. Nov. 7, 2016) ("[A[lthough district courts in this Circuit are generally reluctant to dismiss a *pro se* plaintiff's action without permitting leave to replead, the Second Circuit has explained that it is nevertheless appropriate to do so in cases where it appears that granting leave to amend is unlikely to be productive.") (quoting *Ruffolo v. Oppenheimer & Co.*, 987 F.2d 129, 131 (2d Cir. 1993)) (internal quotation marks omitted). To the extent that Plaintiff is challenging his pending prosecution in Richmond County Criminal Court, this Court lacks jurisdiction. Under the abstention doctrine articulated in *Younger v. Harris*, federal courts may not interfere with pending state court criminal prosecutions, except upon a showing of "bad faith, harassment or any other unusual circumstance that would call for equitable relief." 401 U.S. 37, 54 (1971); see also *Kugler v. Helfant*, 421 U.S. 117, 124-25 (1975) (finding an exception to *Younger* where "extraordinary circumstances render the state court incapable of fairly and fully adjudicating the federal issues before it") (quotation omitted). The bad faith exception arises when "the state proceeding was initiated with and is animated by a retaliatory, harassing, or other illegitimate motive." *Diamond "D" Constr. Corp. v. McGowan*, 282 F.3d 191, 199 (2d Cir. 2002). "A state proceeding that is legitimate in its purposes, but unconstitutional in its execution—even when the violations of constitutional rights are egregious—will not warrant the application of the bad faith exception." *Id.* "[W]hen *Younger* applies, abstention is mandatory and its application deprives the federal court of

6

jurisdiction in the matter." *Id.* at 197. The doctrine applies to claims for injunctive and declaratory relief. *See Samuels v. Mackell*, 401 U.S. 66, 73 (1971) (explaining that "where an injunction would be impermissible under [*Younger*], declaratory relief should ordinarily be denied as well"). Plaintiff has not established that the law enforcement officers and prosecutors initiated the criminal charges in bad faith or that he cannot pursue any federal constitutional claims in the state court proceeding. Accordingly, it appears that prospective claims for injunctive and declaratory relief against individual law enforcement officers or prosecutors would be dismissed under *Younger*.

Plaintiff's claims for monetary damages against individual prosecutors would also be dismissed. It is "well established that a state prosecuting attorney who acted within the scope of his duties in initiating and pursuing a criminal prosecution is immune from a civil suit for damages under § 1983." *Shmueli v. City of N.Y.*, 424 F.3d 231, 236 (2d Cir. 2005) (quotation and citation omitted). "Prosecutorial immunity from § 1983 liability is broadly defined, covering virtually all acts, regardless of motivation, associated with the prosecutor's function as an advocate." *Hill v. City of N.Y.*, 45 F.3d 653, 661 (2d Cir. 1995) (quotations and alterations omitted). Absolute immunity for prosecutorial acts can be defeated only if the prosecutor is alleged to have acted in the complete absence of jurisdiction. *Shmueli*, 424 F.3d at 237. Accordingly, even if Plaintiff named the Richmond County Assistant District Attorneys as defendants, the claims for monetary damages against them would be dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B)(iii).

II.    Plaintiff's Purported Claims under RICO and the ADA

RICO is the rare criminal statute that provides a civil cause of action for private individuals harmed by the kind of criminal activity covered under the Act. 18 U.S.C. §

1964(c). The statute applies to persons who use a pattern of racketeering activities in an enterprise engaged in or affecting interstate commerce. 18 U.S.C. § 1962. "Racketeering activity" is an act or threat involving one of the serious crimes listed in the statute and requires a "pattern" consisting of two or more predicate acts of "racketeering activity." 18 U.S.C. § 1961(1), (4), (5). The so-called predicate acts include murder, kidnapping, bribery, extortion, mail fraud, obstruction of justice or law enforcement, and other enumerated crimes. 18 U.S.C. § 1961(1)(A) and (B).

In this case, Plaintiff has not alleged that Defendants committed any predicate acts. Although he asserts generic claims of "retaliation, fraud, obstruction, and defamation" (Compl. at 2), he appears to be referring to the statements made in support of the warrant for his arrest and pending criminal charges and does not allege specific actions that would constitute predicate acts under RICO. The predicate acts of obstruction of justice and retaliation against a witness, victim, or informant are limited to obstruction and retaliation in federal judicial proceedings under 18 U.S.C. § 1503 (relating to obstruction of justice) and 18 U.S.C. § 1513 (relating to retaliating against a witness, victim, or an informant). 18 U.S.C. § 1961(1)(B); *Shetiwy v. Midland Credit Mgmt.*, 15 F. Supp. 3d 437, 445 (S.D.N.Y. 2014) ("Obstruction of justice as a predicate act applies only to obstruction of justice in federal proceedings.") (citing *Abra Const. Corp. v. Merchants Bank of N.Y.*, 258 Fed.Appx. 379, 381 (2d Cir.2007)). Plaintiff has not alleged federal mail fraud or wire fraud, and violations of state laws involving fraud and defamation are not predicate acts for RICO purposes. *Cofacredit, S.A. v. Windsor Plumbing Supply Co. Inc.*, 187 F.3d 229, 242 (2d Cir.1999) ("Mere common-law fraud does not constitute racketeering activity for RICO purposes."); *Albano v. DiggDejected*, No. 19-CV-3048

(RRM) (JO), 2021 WL 101111, at *3 (E.D.N.Y. Jan. 11, 2021) ("It is 'well established' that defamation cannot serve as a predicate act used to establish a pattern of racketeering activity for a civil RICO claim."). None of Plaintiff's factual allegations support a claim that any Defendant committed a "predicate act" for RICO purposes. Accordingly, Plaintiff's RICO claim is dismissed for failure to state a claim pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii).

Finally, Plaintiff's alleged ADA claim is specious. Title I of the ADA makes it unlawful for an employer, employment agency, labor organization, or joint labor-management committee to discriminate against a qualified individual on the basis of disability in regard to terms, conditions, and privileges of employment. 42 U.S.C. § 12111(2), § 12112. Title II provides that "no qualified individual with a disability shall, by reason of such disability, be excluded from participation in or be denied the benefits of the services, programs, or activities of a public entity, or be subjected to discrimination by any such entity." 42 U.S.C. § 12132. And Title III provides that "[n]o individual shall be discriminated against on the basis of disability in the full and equal enjoyment of the goods, services, facilities, privileges, advantages, or accommodations of any place of public accommodation." 42 U.S.C. § 12182(a). Plaintiff does not allege that he is a qualified individual with a disability; that he was subjected to discrimination on the basis of disability; or that he was denied any participation, benefits, or services by an employer, public entity, or place of public accommodation on account of disability. Accordingly, Plaintiff's ADA claims are dismissed for failure to state a claim, pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii).

## **CONCLUSION**

Plaintiff's request to proceed *in forma pauperis* is granted. For the reasons set forth above, the complaint is dismissed for failure to state a claim pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii). The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith, and therefore *in forma pauperis* status is denied for purpose of an appeal. *See Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

The Clerk of Court shall close this case and enter judgment and mail a copy of this Order to Plaintiff and note the mailing on the docket.

SO ORDERED.

Hon. Ramón E. Reyes, Jr. Digitally signed by Hon. Ramón E. Reyes, Jr.
Date: 2025.07.15 12:43:20 -04'00'

RAMÓN E. REYES, JR.
United States District Judge

Dated: July 15, 2025
        Brooklyn, NY