ORIGINAL

FILED
IN CLERK'S OFFICE
U.S. DISTRICT COURT E.D.N.Y.

★   AUG 2 1 2025   ★

BROOKLYN OFFICE

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

Case No.: 1:25-cv-03497

VICTOR QUINTEROS,
Plaintiff,
v.

HUSKY HOUSE LLC; ASPCA; NYPD; STATEN ISLAND SHERIFF'S OFFICE; STATEN ISLAND
ADVANCE; MR. & MRS. TOMMY CHIU; SAMANTHA GONZALEZ; CYNTHIA BURNS; THE
CITY OF NEW YORK; AND ASSOCIATED AGENCIES,
Defendants.

AMENDED COMPLAINT

Plaintiff brings this action pursuant to 42 U.S.C. § 1983, the Americans with Disabilities Act (ADA),
42 U.S.C. § § 12131–12165, the Racketeer Influenced and Corrupt Organizations Act (RICO), 18
U.S.C. § 1961 et seq., and New York State law. Jurisdiction is proper under 28 U.S.C. § § 1331 and
1343, and supplemental jurisdiction exists under 28 U.S.C. § 1367. Venue is proper in this District
under 28 U.S.C. § 1391 because the events giving rise to these claims occurred in Staten Island, New
York.

Plaintiff, Victor Quinteros, is a resident of New York, a disabled individual, a long-time breeder and
trainer of service and competition Siberian Huskies, and a specialist in therapy dog training for children
with disabilities. Defendants include private and public entities and individuals who acted under color
of law to seize, forfeit, and destroy Plaintiff's property in violation of federal and state law.

On July 29, 2022, Plaintiff was arrested without prior criminal record, placed in isolated confinement
for one month, and incarcerated for an additional sixteen months. That same day, without Plaintiff's
consent, 24 service and competition Siberian Huskies — including Jack, Zeus, Meeka, Apollo,
Anastasia, Eta, Omicron, Upsilon, Sophia, Sigma, Alfacrntaury, Lucifer, Megatron, Thithon, Mars,
Jupiter, Saturn, Venus, Mercury, Uranus, Neptune, Pluto, Angelina, and Ocean — were seized by
NYPD and transferred to the ASPCA. These animals were healthy, genetically sound, and accustomed
to roaming freely on Plaintiff's one-acre property in North Shore, Staten Island, near the waterfront.
The Sheriff's public claim that Plaintiff described the property as a 'rescue' was false and intentionally
misleading. Plaintiff has never operated a rescue; the animals were his personal dogs for competitive
sledding, service, therapy work, and brand modeling. Weeks before the seizure, the property underwent
inspection and no violations were found. The facility was not open to the public and was never operated
commercially. Allegations of unsanitary conditions, such as a 'dirty pool,' were false or taken out of
context; the pool water was cloudy because the dogs had just been playing in it. The property was
cleaned daily, and Plaintiff maintained a team of friends to assist while recovering from COVID-19 and
a prior accident. While incarcerated and unable to meet a $49,475.88 bond ordered by the state court,
Plaintiff lost legal title to the animals through a September 16, 2022 forfeiture order. After seizure, the
ASPCA subjected the dogs to harmful confinement, inferior diet, unnecessary sedation, and euthanasia
of healthy animals. Zeus was kept sedated for months until death; females were denied adequate relief,
causing infection and death; a young, healthy dog was killed without medical necessity. Many dogs

REC'D IN PRO SE OFFICE
AUG 21 '25 AM 10:20

were renamed and castrated without consent.

COUNT I – FOURTH AMENDMENT (42 U.S.C. § 1983): Defendants unlawfully seized Plaintiff's property without probable cause or consent. COUNT II – FOURTEENTH AMENDMENT (42 U.S.C. § 1983): Defendants deprived Plaintiff of property without due process of law, enforcing procedures that were impossible for Plaintiff to meet while incarcerated. COUNT III – ADA TITLE II: By seizing and killing Plaintiff's service animals, Defendants denied Plaintiff the benefits of public services and failed to provide reasonable accommodations for his disability. COUNT IV – CIVIL RICO: Defendants engaged in a coordinated enterprise involving multiple predicate acts — including unlawful seizure, fraudulent statements, property destruction, and mail/wire fraud — to permanently deprive Plaintiff of valuable animals for financial and political gain. COUNT V – STATE LAW CLAIMS: Defendants are liable for negligence, gross negligence, conversion, intentional infliction of emotional distress, veterinary malpractice, and defamation.

Plaintiff seeks compensatory damages for economic losses including the value of the animals, training investment, and loss of professional standing; emotional distress; medical harm caused by the loss of service dogs; punitive damages; and treble damages under RICO.

WHEREFORE, Plaintiff respectfully requests that the Court enter judgment in his favor and against all Defendants, awarding compensatory damages, punitive damages, treble damages under RICO, declaratory and injunctive relief, costs, and such other and further relief as the Court deems just and proper.

Dated: August 14, 2025

Respectfully submitted,

----------------------------
Victor Quinteros
99 Wall Street, Suite 1528
New York, NY 10005
Phone: 646-621-4277
Email: victorqu@yahoo.com
Pro Se Plaintiff

Victor Quineros
99 Wall St, Suite 1528
New York, New York 10005

Case 1:25-cv-03497-RER-CLP    Document 8    Filed 08/21/25    Page 3 of 3 PageID #: 83

FILED
IN CLERK'S OFFICE
U.S. DISTRICT COURT E.D.N.Y.

★ AUG 2 1 2025 ★

BROOKLYN OFFICE

United States District Court
Eastern District of New York
Clerk's office
225 Cadman Plaza East

Brooklyn, NY 11201

11201-183299