## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF NEW YORK

———————————————

Nº 25-CV-3497 (RER) (CLP)

———————————————

### VICTOR QUINTEROS MARQUINA

VERSUS

### HUSKY HOUSE LLC (LORRAINE HEALY), ASPCA, NYPD, STATEN ISLAND SHERIFF'S OFFICE, STATEN ISLAND ADVANCE, MR. & MRS. TOMMY CHIU, SAMANTHA GONZALEZ, CYNTHIA BURNS, AND THE CITY OF NEW YORK

———————————————

**MEMORANDUM & ORDER**

———————————————

**RAMÓN E. REYES, JR., District Judge:**

*Pro se* plaintiff Victor Quinteros Marquina ("Plaintiff") filed the above-captioned civil rights action on June 20, 2025. (ECF No. 1 ("Compl.")). By Memorandum & Order entered July 15, 2025, the Court granted Plaintiff's request to proceed *in forma pauperis* and dismissed the complaint for failure to state a claim pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii). (ECF No. 4). Judgment was entered on July 16, 2025. (ECF No. 5). On August 12, 2025, Plaintiff filed a Motion for Reconsideration (ECF No. 6 ("Mot. for Recons.")), and subsequently submitted a "Motion for Jury Trial out of Time" (ECF No. 7 ("Mot. for Jury Trial Time")), a proposed amended complaint (ECF No. 8 ("Am. Compl.")), and a copy of a letter from a medical professional attesting to his health conditions (ECF No. 9 ("Ltr.")). For the reasons that follow, Plaintiff's Motion for Reconsideration is DENIED.

## BACKGROUND

Plaintiff's June 20, 2025, complaint alleged that his July 29, 2022, arrest and subsequent criminal prosecution and the seizure of his twenty-four dogs and personal property violated his constitutional rights, the Americans with Disabilities Act ("ADA"), and the Racketeer Influenced and Corrupt Organizations Act ("RICO"). (Compl. at 1–2, 5–7). The Court dismissed his claims pursuant to 28 U.S.C. § 1915(e)(2)(B) because he had failed to state a claim for civil rights violations under 42 U.S.C. § 1983 against the private individuals and entities and municipal entities he named as Defendants. The Court dismissed Plaintiff's RICO claims because he failed to establish a pattern of predicate acts of racketeering activity as defined by 18 U.S.C. § 1961(1), (4), and (5). The Court dismissed his ADA claim because he had not alleged that he is a qualified individual with a disability or that he was subjected to discrimination on the basis of disability or denied any participation, benefits, or services by an employer, public entity, or place of public accommodation on account of disability.

Plaintiff's August 12, 2025, Motion asks the Court to reconsider the July 15, 2025, Dismissal and July 16, 2025, Judgment pursuant to Rule 59(e) and Rule 60(b) of the Federal Rules of Civil Procedure. (Mot. for Recons. at 1). He asserts "new and overlooked evidence" that he claims "contradicts the official record" that was the basis for his initial arrest and prosecution. (*Id.* at 2–3). Plaintiff also claims "evidence of bias and improper influence" of a law enforcement officer who is not named as a defendant and two named defendants who are not state actors. (*Id.* 3, 46). He asserts that he "lives with documented disabilities;" that three of the seized dogs were "[h]is service dogs" and "medically necessary companions;" and that "t]heir forced removal and deaths caused severe

2

psychological and medical trauma" and "disruption of Plaintiff's ADA rights and services." (*Id.* at 3). He attaches a September 28, 2023, letter from a medical doctor stating that Victor Quinteros "needs his service dogs (3) due to mutiple [*sic*] medical issues." (*Id.* at 45). Another letter from a different medical doctor states that Plaintiff was under treatment for symptoms "which emerged after the loss of his dogs (including the deaths of three dogs that he noted were his service animals)." (Ltr. at 1). He has not described any discrimination he faced because of disability nor alleged that he was excluded from participation in or denied any services, programs, or activities of a public entity because of a disability. Plaintiff asserts that "[d]ismissal under the Younger doctrine was premature and did not address Plaintiff's federal claims, ADA rights, or newly emerged facts." (*Id.* at 4). He does not provide any legal basis for this assertion or identify any legal error in the Court's July 15, 2025, Order.

The proposed amended complaint names the same private individuals and entities, and municipal entities named in the original complaint and alludes to claims under the Fourth and Fourteenth Amendments, the ADA, Civil RICO, and New York State law. (Am. Compl.).

## **LEGAL STANDARD**

Rule 59(e) of the Federal Rules of Civil Procedure allows a motion to alter or amend a judgment if filed within 28 days of the entry of judgment. F. R. C. P. 59(e). Rule 60(b) of the Federal Rules of Civil Procedure permits a litigant to seek relief from a final judgment for a list of enumerated reasons including "newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b)" and "any other reason that justifies relief." F. R. C. P. 60(b). Since

3

Plaintiff filed the motion within 28 days of entry of judgment, his motion is permissible under both Rule 59 and Rule 60.

The standard for granting a motion to reconsider is strict under both Rule 59 and Rule 60(b). Reconsideration will generally be denied unless the moving party can point to either controlling legal decisions or factual matters that the court overlooked, and which, had they been considered, might have reasonably altered the result before the court. *Shrader v. CSX Transportation, Inc.*, 70 F.3d 255, 257 (2d Cir. 1995). Rule 60(b)(2) is limited to "newly discovered evidence . . . of a sort that could, if believed, change the verdict." *United States v. Gambino*, 59 F.3d 353, 364 (2d Cir. 1995). The party seeking reconsideration must show:

> "(1) the newly discovered evidence was of facts that existed at the time of trial or other dispositive proceedings, (2) the movant was justifiably ignorant of them despite due diligence, (3) the evidence is admissible and of such importance that it probably would have changed the outcome, and (4) the evidence is not merely cumulative or impeaching."

*United States v. Int'l Bhd. of Teamsters*, 247 F.3d 370, 392 (2d Cir. 2001) (quoting *United States v. Int'l Bhd. Of Teamsters*, 179 F.R.D. 444, 447 (S.D.N.Y. 1998).

## DISCUSSION

The Court has carefully considered whether Plaintiff's motion provides grounds for reopening his case pursuant to Rule 59 or Rule 60(b) and finds that it does not. Plaintiff's "new and overlooked evidence" is neither new nor relevant. He argues that the evidence "contradicts the official record" which was the basis for the criminal charges to which Plaintiff previously pleaded guilty. However, the Court's July 15, 2025, Memorandum &

4

Order did not address the evidentiary basis for the state criminal charges because the abstention doctrine articulated in *Younger v. Harris* precludes federal courts from interfering with pending state court criminal prosecutions, except upon a showing of "bad faith, harassment or any other unusual circumstance that would call for equitable relief." 401 U.S. 37, 54 (1971). Plaintiff has not asserted that *Younger* does not apply or that a valid exception exists.

Moreover, Plaintiff has not suggested any other factual matters or controlling legal decisions that the court overlooked. He has not alleged that any named defendant is a state actor who violated his constitutional rights; he has not provided any basis for municipal liability; he has not identified any predicate act that could serve as the basis for a civil cause of action under RICO; and he has not alleged under Title II of the ADA that he is a "qualified individual with a disability [who] . . . , by reason of such disability, [was] excluded from participation in or [was] denied the benefits of the services, programs, or activities of a public entity, or [was] subjected to discrimination by any such entity." 42 U.S.C. § 12132.

Accordingly, Plaintiff's August 12, 2025, motion pursuant to Rule 59 and Rule 60(b) is denied. Plaintiff's motion for an extension of the time to request a trial by jury is denied as moot.

## **CONCLUSION**

For the reasons set forth above, Plaintiff's motion for reconsideration (ECF No. 6) and motion for an extension of the time to request a trial by jury (ECF No. 7) are denied. The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this order

5

would not be taken in good faith, and therefore *in forma pauperis* status is denied for the purpose of an appeal. *See Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

The Clerk of Court is requested to mail a copy of this Order and the docket sheet to Plaintiff.


SO ORDERED.


/s/ Ramón E. Reyes, Jr.
_____

RAMÓN E. REYES, JR.
United States District Judge

Dated: September 3, 2025
　　　Brooklyn, NY

6