FILED
IN CLERK'S OFFICE
U.S. DISTRICT COURT E.D.N.Y.

★    OCT 10 2025    ★

BROOKLYN OFFICE

UNITED STATES DISTRICT COURT EASTERN DISTRICT OF NEW YORK

------------------------------------------------------------X **VICTOR QUINTEROS MARQUINA**, Plaintiff,

v.

**CITY OF NEW YORK; ASPCA; HUSKY HOUSE LLC; NYPD; STATEN ISLAND SHERIFF'S OFFICE; STATEN ISLAND ADVANCE; MR. & MRS. TOMMY CHIU; SAMANTHA GONZALEZ; CYNTHIA BURNS; and other associated parties**, Defendants.

Case No.: 1:25-cv-03497 ------------------------------------------------------------X

# MOTION FOR RELIEF FROM JUDGMENT PURSUANT TO FED. R. CIV. P. 60(b)

Plaintiff **Victor Quinteros Marquina** respectfully moves this Honorable Court, pursuant to Rule 60(b)(2), (3), and (6) of the Federal Rules of Civil Procedure, for relief from the judgment entered on **July 16, 2025**, and the order dated **July 15, 2025**, which dismissed the above-captioned case for failure to state a claim. This motion is based on newly discovered evidence, fraud or misrepresentation by defendants, and extraordinary circumstances that justify reopening this matter in the interests of justice.

---

## I. INTRODUCTION

Plaintiff respectfully requests that the Court vacate the dismissal and reopen this action, or in the alternative, grant leave to amend the complaint, in light of newly obtained documents that materially alter the factual and legal foundation upon which the case was dismissed.

---

## II-A. CLARIFICATION OF DEFENDANT ROLES

Plaintiff clarifies that the **City of New York** is the **principal and economically responsible defendant** in this action, as the unlawful acts described herein were carried out under its jurisdiction, direction, or supervision through municipal departments including the NYPD, Staten Island Sheriff's Office, and related city agencies.

The **ASPCA** remains a **primary co-defendant**, as evidence supports its participation in a coordinated pattern of conduct falling under the **Racketeer Influenced and Corrupt Organizations Act (RICO)**, 18 U.S.C. § 1962, including unlawful seizure, misrepresentation, and profiteering related to the confiscation and disposition of Plaintiff's property.

All other defendants—individuals and entities such as Mr. and Mrs. Chiu, Samantha Gonzalez, Cynthia Burns, and the Staten Island Advance—are **secondary actors** whose actions contributed to **fraud, defamation, and obstruction**, but whose liability is derivative of the overarching misconduct and policies of the City of New York.

---


RECEIVED
OCT 07 ...
PRO SE ...

## II. NEWLY DISCOVERED EVIDENCE

Since the Court's ruling, Plaintiff has obtained the following critical documents that were not previously available or considered by the Court:

1. **Exhibit E – Landlord Authorization for City Housing Assistance** A signed document from Plaintiff's landlord authorizing government housing assistance, contradicting the landlord's prior testimony that no authorization existed and that rent was unpaid. This document demonstrates that Plaintiff's tenancy was legitimate and that the defendants misrepresented material facts to law enforcement and the Court.

2. **Exhibit F – COVID-19 Positive Medical Documentation** A verified COVID-19 positive test result dated at or near the time of Plaintiff's arrest, proving Plaintiff was medically compromised and unlawfully detained under unsafe and unreasonable conditions.

3. **Exhibit G – ASPCA/City Investigation Documentation** Official investigation records confirming Plaintiff's cooperation with authorities and ongoing construction of a licensed service-dog and therapy-dog facility ("Siberian Husky Camp of America"). These records refute the defendants' allegations of neglect or wrongdoing and establish Plaintiff's good faith actions.

---

## III. LEGAL BASIS FOR RELIEF

This motion is grounded in Rule 60(b)(2), (3), and (6):

- **Rule 60(b)(2)** – Newly discovered evidence that, with reasonable diligence, could not have been obtained before judgment and would have materially affected the outcome. - **Rule 60(b)(3)** – Fraud, misrepresentation, or misconduct by opposing parties, including false statements made to the Court and investigators. - **Rule 60(b)(6)** – Any other reason justifying relief, including manifest injustice and violation of due process.

The new evidence presented here directly undermines the credibility of key witnesses and defendants, and supports reopening this matter so the Court may consider the full factual context.

---

## IV. RELIEF REQUESTED

For the foregoing reasons, Plaintiff respectfully requests that the Court:

1. **Vacate the Judgment of Dismissal** entered July 16, 2025; 2. **Reopen this case** to allow full review of the newly discovered evidence; 3. **Alternatively, grant leave to file an amended complaint** incorporating these facts and exhibits; and 4. **Grant any further relief** this Court deems just and proper.

---

## V. LIST OF DOCUMENTS ATTACHED

- Exhibit E: Landlord Housing Assistance Authorization Form - Exhibit F: COVID-19 Positive Test Result (Date of Arrest) - Exhibit G: ASPCA/City Investigation Report Confirming Cooperation

---

Respectfully submitted,

**Victor Quinteros Marquina** Plaintiff, Pro Se 99 Wall Street, Suite 1528 New York, NY 10005 One World Trade Center, Floor 85 New York, NY 10007

Date: October 2025