# **NOT FOR PUBLICATION**

### UNITED STATES DISTRICT COURT
### EASTERN DISTRICT OF NEW YORK

―――――――――――――

№ 25-CV-3497 (RER) (CLP)

―――――――――――――

VICTOR QUINTEROS MARQUINA

versus

HUSKY HOUSE LLC (LORRAINE HEALY), ASPCA, NYPD, STATEN ISLAND SHERIFF'S OFFICE, STATEN ISLAND ADVANCE, MR. & MRS. TOMMY CHIU, SAMANTHA GONZALEZ, CYNTHIA BURNS, AND THE CITY OF NEW YORK

―――――――――――――

**MEMORANDUM DECISION & ORDER**

―――――――――――――

**RAMÓN E. REYES, JR., District Judge:**

Before the Court are *pro se* plaintiff Victor Quinteros Marquina's ("Plaintiff") motions to (1) vacate the July 16, 2025, Judgment dismissing the complaint (ECF No. 12), (2) stay any state court forfeiture proceedings pending the appeal of his criminal case (ECF No. 15), and (3) compel defendants, among other things, to disclose "the full and current status of each of the 24 dogs seized [from him] on July 29, 2022" (ECF No. 16). For the following reasons, the motions are **DENIED**.

## **BACKGROUND**

Plaintiff's June 20, 2025, *pro se* complaint alleged that his July 29, 2022, arrest and subsequent criminal prosecution along with the seizure of his twenty-four dogs and personal property violated his constitutional rights, the Americans with Disabilities Act ("ADA"), and the Racketeer Influenced and Corrupt Organizations Act ("RICO"). (ECF No.

1 at 1–2, 5–7). By Order dated July 15, 2025, the Court granted Plaintiff's request to proceed *in forma pauperis* but dismissed the complaint. (ECF No. 4). Judgment was entered on July 16, 2025. (ECF No. 5).

On August 12, 2025, Plaintiff moved for reconsideration pursuant to Rules 59(e) and 60(b) of the Federal Rules of Civil Procedure and asserted purported "new and overlooked evidence" related to his initial arrest and criminal prosecution. (ECF No. 6 at 2-3). Plaintiff also filed a proposed amended complaint on August 21, 2025. (ECF No. 8). By Order dated September 3, 2025, the Court denied the motion for reconsideration finding Plaintiff's evidence was "neither new nor relevant" and the abstention doctrine articulated in *Younger v. Harris,* 401 U.S. 37, 54 (1971), precluded the Court's interference with pending state court criminal proceedings. (ECF No. 10 at 4–5). Further, the motion and proposed amended complaint did not cure the additional deficiencies in the original complaint, in that they failed to: (1) allege that any named Defendant was a state actor who violated Plaintiff's constitutional rights; (2) provide any basis for municipal liability; (3) identify any predicate act that could serve as the basis for a civil cause of action under RICO; or (4) raise a valid claim under Title II of the ADA. (*Id*. at 5).[1]

On October 10, 2025, Plaintiff filed the instant motion to vacate the Judgment pursuant to Rule 60(b)(2), (3), and (6). (ECF No. 12). Plaintiff's motion to vacate is

---

[1] On September 8, 2025, Plaintiff filed a document entitled "Supplemental Evidence and Extension of Original Complaint", apparently in support of his August 12, 2025, motion to reconsider. (ECF No. 11). That application relied upon a series of unsupported "Declarations of Victor Quinteros Marquina," which swear to certain factual allegations that purportedly support Plaintiff's claims. (*Id.* at 2–20). Beyond his sworn factual assertions, Plaintiff provides no admissible documents or other evidence to support these factual assertions. To the extent this can be considered a separate motion, it is denied.

2

predicated on purported "newly discovered evidence, fraud or misrepresentation by defendants, and extraordinary circumstances that justify reopening this matter in the interests of justice." (*Id.* at 1). The "newly discovered evidence" consists of documents Plaintiff believes are relevant to his arrest and state court proceedings, including "Landlord Authorization for City Housing Assistance," a "verified COVID-19 positive test result," and "ASPCA/City Investigation Documentation." (*Id.* at 2; No. 12-1). Plaintiff asserts that "new evidence presented here directly undermines the credibility of key witnesses and defendants and supports reopening this matter so the Court may consider the full factual context." (ECF No. 12 at 2; ECF No. 12-1).[2]

On October 28, 2025, Plaintiff filed a "Motion to Stay Forfeiture Pending Appeal," in which he requests that this Court stay forfeiture proceedings in state court while his state criminal appeal is pending. (ECF No. 14). He also submitted a one-page proposed "Second Amended Complaint" asserting claims related to the "unlawful seizure, euthanasia, and adoption of Plaintiff's 24 service animals and therapy dogs in training." (ECF No. 15). The proposed "Second Amended Complaint" names the same private individuals and entities and municipal entities as the original complaint and asserts claims under 42 U.S.C. §§ 1983 and 1985 for the violation of his Fourth, Eighth, and Fourteenth

---

[2] On October 15, 2025, Plaintiff filed a "Supplemental Motion Regarding Ongoing Unlawful Forfeiture and Conditional Discharge Status," in which he again asks the Court to intervene in a state court forfeiture action involving the twenty-four service dogs seized from his property. (ECF No. 13). That motion is predicated on Rule 15(d) of the Federal Rules of Civil Procedure, along with New York State procedural rules, and substantive and common law. (*Id.*). Rule 15(d) does not apply here, and moreover the Court sees no basis upon which it can intervene in the ongoing state forfeiture proceedings. Therefore Plaintiff's "supplemental motion" is denied.

Amendment rights. (*Id.*) It does not include any factual allegations about forfeiture proceedings or the seizure and treatment of the dogs.

On November 18, 2025, Plaintiff submitted a series of "Emergency Motions." (ECF No. 16; ECF No. 16-1; ECF No. 16-2). For the first time in this Court, Plaintiff mentions a "civil forfeiture hearing" that took place in October 2022. (ECF No. 16 at 2; ECF No. 16-2 at 1–3). He asserts "newly discovered evidence" regarding the care and medical conditions of the dogs before and after seizure by law enforcement and placement with the ASPCA, and claims that this evidence contradicts "false statements" made during the October 2022 forfeiture hearing. (ECF No. 16 at 3–5; ECF No. 16-1 at 2, 4–5; ECF No. 16-2 at 4–6; ECF No. 16-3 at 5–31). He states: "Because Plaintiff's criminal appeal remains pending, forfeiture is legally incomplete and not final, and failure to disclose the status of Plaintiff's property violates [his constitutional rights protected by 42 U.S.C. § 1983.]" (ECF No. 16 at 2). He claims that unspecified New York State law prevents New York courts from finalizing forfeiture proceedings while criminal proceedings, including appeals, are pending. (ECF No. 16-1 at 3; ECF No. 16-2 at 6–7). He asserts that federal law "requires the return of property once the government's justification [for forfeiture] ends" (ECF No. 16-1 at 4) and requests broad relief (ECF No. 16 at 6–7; ECF No. 16-1 at 1, 6; ECF No. 16-2 at 7; ECF No. 16-3 at 1–4).

## **LEGAL STANDARD**

Rule 60(b) of the Rules of Civil Procedure permits a litigant to seek relief from a final judgment for a list of enumerated reasons including "newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b)", "fraud . . . misrepresentation, or misconduct by an opposing party," or

4

"any other reason that justifies relief." F.R.C.P. 60(b)(2), (3), and (6). The standard for granting a motion to reconsider is strict. Reconsideration will generally be denied unless the moving party can point to either controlling legal decisions or factual matters that the court overlooked, and which, had they been considered, might have reasonably altered the result before the court. *Shrader v. CSX Transportation, Inc.*, 70 F.3d 255, 257 (2d Cir. 1995).

The party seeking reconsideration under 60(b)(2) must show: "(1) the newly discovered evidence was of facts that existed at the time of trial or other dispositive proceedings, (2) the movant was justifiably ignorant of them despite due diligence, (3) the evidence is admissible and of such importance that it probably would have changed the outcome, and (4) the evidence is not merely cumulative or impeaching." *United States v. Int'l Bhd. of Teamsters*, 247 F.3d 370, 392 (2d Cir. 2001) (quoting *United States v. Int'l Bhd. Of Teamsters*, 179 F.R.D. 444, 447 (S.D.N.Y. 1998)).

"To prevail on a motion for reconsideration under Rule 60(b)(3), [a plaintiff] must show (1) by clear and convincing evidence that [the defendant] engaged in fraud, misrepresentation, or misconduct *before this Court* and (2) that the fraud, misrepresentation, or misconduct substantially interfered with [the plaintiff's] ability to present his case." *Res. Grp. Int'l Ltd. v. Chishti*, No. 25-CV-1021 (JSR), 2025 WL 2301318, at *2 (S.D.N.Y. Aug. 11, 2025) (emphasis added); *see Sosa v. Green*, No 03-CV-2131 (AWT), 2021 WL 1589270, at *2 (D. Conn. Apr. 22, 2021) (finding no basis for reconsideration under Rule 60(b)(3) where opposing counsel's misrepresentation occurred in separate state court proceedings, not the proceeding before the federal court).

The Second Circuit has "described Rule 60(b)(6) as a catch-all provision that 'is properly invoked only when there are extraordinary circumstances justifying relief, when the judgment may work an extreme and undue hardship, and when the asserted grounds for relief are not recognized in clauses (1)-(5) of the Rule.'" *Metzler Inv. Gmbh v. Chipotle Mexican Grill, Inc.*, 970 F.3d 133, 142 (2d Cir. 2020) (quoting *Nemaizer v. Baker*, 793 F.2d 58, 63 (2d Cir. 1986)).

## **DISCUSSION**

The Court has carefully considered whether Plaintiff's motions provide grounds for vacating the Judgment and reopening this case pursuant to Rule 60(b)(2), (3), or (6). While the Court is sympathetic to Plaintiff's situation, Plaintiff's motions do not provide grounds to vacate the Judgment or provide any of the relief Plaintiff seeks.

Either on the basis of new evidence, fraud, or "any other reason that justifies relief," each of Plaintiff's motions (ECF Nos. 12–16), attack the state court criminal and ancillary seizure/forfeiture proceedings, which Plaintiff acknowledges are ongoing (ECF No. 16-2 at 1–3). Despite his guilty plea to the underlying criminal conduct, he has appealed those underlying proceedings. (ECF No. 16-2 at 3). Such an appeal is absolutely within his rights under the Constitution and laws of the United States. However, those rights do not provide Plaintiff with an avenue of relief in this Court. As explained in the Court's previous Order, the abstention doctrine articulated in *Younger v. Harris* precludes federal courts from interfering in pending state court criminal and ancillary proceedings, except upon a showing of "bad faith, harassment or any other unusual circumstance that would call for equitable relief." 401 U.S. 37, 54 (1971). Plaintiff has not asserted facts to suggest that *Younger* does not apply or that a valid exception exists. Thus, this Court cannot make the

6

New York State courts consider Plaintiff's allegedly new information, nor can it stay the state court's seizure/forfeiture order. *See Pawelsky v. Cnty. of Nassau, New York*, 684 F. Supp. 3d 73, 83 (E.D.N.Y. 2023) (confirming *Younger* abstention was appropriate where plaintiff sought return of property seized prior to the indictment and criminal proceedings were still pending because "[t]he questions of whether certain items seized were beyond the scope of the warrant or warrant[s] or there was improper retention of the seized items are inextricably linked to the propriety of the warrant's execution and are best dealt with in the context of the criminal proceeding for which the warrant was issued."); *Fouche v. Schneiderman*, No. 14-CV-752 (NGG) (LB), 2015 WL 1258288, at *7 (E.D.N.Y. Mar. 17, 2015) (adopting Report and Recommendation finding that *Younger* abstention was appropriate where civil forfeiture proceeding was pending); *Mackey v. Prop. Clerk of New York City Police Dep't*, 26 F. Supp. 2d 585, 592 (S.D.N.Y. 1998) (applying *Younger* abstention where civil forfeiture proceeding was pending after criminal charges were dismissed). Plaintiff assures the Court that the forfeiture proceeding is still open and will remain open until his criminal proceedings have ended. (ECF No. 16-2 at 1–3). Thus, he has an opportunity to raise his federal constitutional claims in state court. Any further review by this Court would be precluded by *Younger*.

      The Court reiterates that it is mindful of Plaintiff's perceived predicament. Nevertheless, because the Court cannot provide relief here—for the reasons explained in this and prior Orders—Plaintiff's frequent and frivolous filings in this closed case are a misuse of judicial resources. "The district courts have the power and the obligation to protect the public and the efficient administration of justice from individuals who have a history of litigation entailing vexation, harassment and needless expense to other parties

and an unnecessary burden on the courts and their supporting personnel." *Lau v. Meddaugh*, 229 F.3d 121, 123 (2d Cir. 2000) (quotations, citations, and alterations omitted); *see also Moore v. T-Mobile USA, Inc.*, No. 14 Civ. 7724 (GBD) (AJP), 2014 WL 6474904, at *8 (S.D.N.Y. Oct. 27, 2014) (recommending that plaintiff be enjoined from making any further filings in the case, except objections or appeals, and from instituting any new court proceedings arising from the same underlying conduct), *adopted in relevant part by* 2015 WL 456680 (S.D.N.Y. Feb. 3, 2015). Plaintiff is warned that future filing in this action, other than a notice of appeal, will likely result in the imposition of restrictions on further filing.

## **CONCLUSION**

For the reasons set forth above, all of Plaintiff's motions (ECF Nos. 12–16) are denied. The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this Order would not be taken in good faith, and therefore *in forma pauperis* status is denied for purpose of an appeal. *See Coppedge v. United States*, 369 U.S. 438, 444-45 (1962). The Clerk of Court is requested to mail a copy of this Order and the docket sheet to Plaintiff.

SO ORDERED.

/s/ Ramón E. Reyes, Jr.
_____

RAMÓN E. REYES, JR.
United States District Judge

Dated: November 25, 2025
       Brooklyn, New York